UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CADENCE BANK, N.A., etc.,

       Plaintiff,

v.                                                                          CASE NO.  8:12-CV-1833-T-17EAJ

EAST 15th STREET, INC.,
etc., et al.,

       Defendants.

_____/


ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt.  10 | Motion to Dismiss for Lack of Diversity Jurisdiction, Improper Venue, and Memorandum |
| Dkt. 11 | Affidavit |
| Dkt. 12 | Opposition |

The Verified Complaint includes the following:

| | |
|---|---|
| Count I: | Suit on Loan Documents |
| Count II: | Suit on Guaranty |
| Count III: | Foreclosure of Mortgaged Property |

The Revolving Line of Credit Note, Loan Agreement, Mortgage and Security Agreement, Continuing Guaranty, Amended and Restate Revolving Line of Credit Note, Commercial Loan Note (Future Advance Note), Note and Mortgage Consolidation, Modification, and Future Advance Agreement, Amended and Restated Loan Agreement, Continuing Guaranty, Extension and Amendment to Promissory Note, Promissory Note, Modification of Mortgage, Commercial Guaranty (Diane M. Bennett), Continuing Guaranty (Michael S. Bennett), Demand Letter dated 3/8/2012, and Affidavit of Merger are attached to the Verified Complaint (Exhibits A - P).

Case No. 8:12-CV-1833-T-17EAJ

Defendants, East 15th Street, Inc., Michael S. Bennett and Dianne M. Bennett have moved to dismiss the Verified Complaint pursuant to Fed. R. Civ. P. 12(b) for lack of diversity jurisdiction. Defendants also move to dismiss for improper venue, based on Exhibits K, M and N, and state that "Defendants elect to preserve their right to arbitration for any and all Defendants."

I. Standard of Review

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, can be a facial attack or a factual attack. In a facial attack, the factual allegations of the Complaint are taken as true. In a factual attack, the Court may consider matters outside the Complaint, and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the allegations of the Complaint are not presumptively true. Where the attack on jurisdiction implicates the merits of the plaintiff's federal cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897 (1981).

II. Discussion

A. Diversity Jurisdiction

Defendants argue that, based on the four corners of Plaintiff's Complaint, there is no diversity of citizenship between the parties; since Plaintiff has not established diversity, Plaintiff's Complaint must be dismissed.

Case No. 8:12-CV-1833-T-17EAJ

Plaintiff responds that there is complete diversity between Plaintiff and Defendants.   Plaintiff does not dispute that the Verified Complaint alleges only that Plaintiff is "a national association as successor-in-interest by merger to Suncoast Bank, doing business in the Middle District of Florida."   Plaintiff argues that, if a pleading is insufficient, a court may rely on allegations anywhere expressly in the record in determining whether diversity jurisdiction exists.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316 (11th Cir. 2001).   In this case,  on the Civil Cover Sheet Plaintiff indicates that the basis of jurisdiction is diversity, and lists Plaintiff's principal county of business as Jefferson County, Alabama.   Plaintiff argues that the Court should consider the Civil Cover Sheet in making a determination that diversity jurisdiction exists.  Plaintiff further argues that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located" pursuant to 12 U.S.C. Sec. 1348.  See Wachovia Bank, National Association v. Daniel G. Schmidt, III, et al., 546 U.S. 303 (2006)(national bank is citizen of state in which its main office is located).    Plaintiff argues that, since Plaintiff is a citizen of Alabama, and Defendants are citizens of Florida, there is complete diversity and Defendants Motion to Dismiss should therefore be denied.

While Defendants' Motion to Dismiss is presented as a facial attack on jurisdiction, referring only to the four corners of the Complaint, Plaintiff has responded to the Motion to Dismiss as a factual attack on jurisdiction.  In a factual attack, the Court may consider documents outside the Complaint in determining whether the Court has the power to hear the case.  After considering the Civil Cover Sheet and the Affidavit, as well as the allegations of the Complaint, the Court concludes that Plaintiff and Defendants are diverse.  The Court **denies** the Motion to Dismiss for lack of subject matter jurisdiction.

3

Case No. 8:12-CV-1833-T-17EAJ

B. Improper Venue

Defendants have moved to dismiss due to improper venue, based on Exhibits K, M and N.

Exhibit K (Dkt. 1-11) provides:

**"CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Oktibbeha County, State of Mississippi."

Exhibit M (Dkt. 1-13) and Exhibit N (Dkt. 1-14) contain similar provisions.   Plaintiff argues that Plaintiff has not requested that the venue of this Action be in Oktibbeha County, Mississippi, and venue is proper in the Middle District of Florida, where the Mortgaged Property is located.  See 28 U.S.C. Sec. 1391.

After consideration, the Court **denies** the Motion to Dismiss for improper venue. Accordingly, it is

**ORDERED** that the Motion to Dismiss for Lack of Diversity Jurisdiction and Improper Venue (Dkt. 10) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this _____ day of December, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4